# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ZEPHINIAH ROBINSON**<br>c/o Attorney Eddie Sipplen<br>1655 W. Market Street,<br>Ste 505<br>Akron, OH 44313<br><br>AND<br><br>**JACK METCALF**<br>c/o Attorney Eddie Sipplen<br>1655 W. Market Street,<br>Ste 505<br>Akron, OH 44313<br><br>PLAINTIFFS,<br><br>vs.<br><br>Sheriff Bruce Zuchowski<br>(In his official and individual capacities)<br>Portage County Sheriff's Office<br>8240 Infirmary Road<br>Ravenna, OH 44266<br><br>And<br><br>Deputy Sean Bradley (In his official and individual capacities)<br>Portage County Sheriff's Office<br>8240 Infirmary Road<br>Ravenna, OH 44266<br><br>And<br><br>Deputy Robert Paolucci. (In his official and individual capacities)<br>Portage County Sheriff's Office<br>8240 Infirmary Road<br>Ravenna, OH 44266 | CASE NO:<br><br>JUDGE:<br><br><br><br><br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Hereon)** |

1

| | |
|---|---|
| **And** | ) |
| | ) |
| Deputy Anthony Zappone (In his official and individual capacities) Portage County Sheriff's Office 8240 Infirmary Road Ravenna, OH 44266 | ) ) ) ) ) ) ) |
| | ) |
| | ) |
| **DEFENDANTS** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

1. This cause of action arose from the conduct of Defendants, Deputy Sean Bradley, Deputy Robert Paolucci, and Deputy Anthony Zappone, who conspired to turn a routine traffic stop into a major drug arrest. Due to the collective actions of the Defendants, Plaintiff Robinson and Plaintiff Metcalf were indicted in Portage County Common Pleas Case 2023CR00938D and 2023CR00938C, respectively, in which they each were charged with Trafficking in Cocaine and Possession of Cocaine, each a felony of the first degree. There was no justification for the framing of and creating false evidence against the Plaintiffs and as a result Plaintiff Robinson and Plaintiff Metcalf seek compensatory and punitive damages under federal and state law against the Defendants. The Plaintiffs also seek declaratory and injunctive relief, attorney fees, costs, and other relief as specified in this complaint.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, as well as the Fourth, Eight and Fourteenth Amendments to the United States Constitution and pendent claims arising under the laws and Constitution of the State of Ohio. Venue is appropriate as this cause of action arose in the County of Portage.

## PARTIES

3. The Plaintiff, Zephania Robinson (hereinafter "Plaintiff Robinson"), was at all times relevant herein, a resident of the City of Ravenna, County of Portage, Ohio.

4. The Plaintiff, Jack Metcalf (hereinafter "Plaintiff Metcalf"), was at all times relevant herein, a resident of the City of Ravenna, County of Portage, Ohio.

5. Defendants Sheriff Bruce Zuchowski, Deputy Sean Bradley, Deputy Robert Paolucci and Deputy Anthony Zappone at all times relevant herein, were employed as Sheriff and Deputies for Portage County, Ohio and were acting under color of state law. They are being sued in their individual as well as official capacities.

7. The Portage County Sheriff's Office is a governmental agency operating under the laws of the state of Ohio.

## FACTS

8. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

9. On or about August 29, 2023, Portage County Sheriff Deputy Zappone conducted a felony stop on interstate I-76 westbound near Tallmadge Road.

10.     Deputy Zappone initially stopped the vehicle that Zephaniah Robinson was driving for failing to properly display his license plate and missing both side view mirrors. Jack Metcalf was a passenger in the vehicle. The vehicle Robinson was driving was a 2018 Buick Encore with darkly tinted windows, owned and registered to Robison's sister, Angelique Robinson.

11.     While enroute to the scene and without knowing any details about the vehicle and its occupants, Deputy Bradley radio Zappone and told him that he believed that Anthony Guy known to him to have an outstanding warrant for a second-degree felony for Burglary.

12.     However, based on erroneous information transmitted to Deputy Zappone by Deputy Bradley, Defendant Zappone decided to treat the traffic stop was conducted as a felony stop (i.e., Robinson and Metcalf were ordered out of the vehicle at gunpoint).

13.     Subsequent to the stop, Deputy Bradley and his K-9 unit arrived. After confirming that neither Robinson nor Metcalf was Anthony Guy, Deputy Bradley advised Deputy Zappone that K-9 Karo had alerted to narcotics being in Mr. Robinson's vehicle.

14.     Deputy Bradley and Paolucci searched the vehicle for drugs. During the search, Deputy Bradley and Deputy Paolucci located a large amount of white powder behind the driver's seat.

15.     Deputy Paolucci performed several NIK tests on the white powdery substance at the scene for methamphetamine and cocaine. The tests did not indicate the presence of methamphetamine nor cocaine. As such, Deputy Paolucci discarded the tests in the trash bag that he kept in his cruiser.

16.     In spite of not having a positive test result for cocaine nor methamphetamine, Deputy Bradley wrote in his report that the white powdery substance tested positive for cocaine in two separate locations.

17.     Both Plaintiffs denied possessing cocaine or any other contraband.

18.     Plaintiff Robinson and Plaintiff Metcalf were arrested and charged with Trafficking in Cocaine and Possession of Cocaine, felonies of the first degree. Robinson was also given a warning for display of plates and rearview mirror.

19.     The vehicle was impounded and towed to the Portage County Sheriff's office so that the deputies could retrieve the white powder from the car.

20.     Once at the Portage County Sheriff's Office, the deputies used a shopvac to retrieve and to collect the white powder as evidence. The white powder was placed into an evidence bag and sent to the Ohio Bureau Criminal Investigation and Identification ("BCI").

21.     According to Bradley and Paolucci, they had seized over 65g of cocaine.

22.     Based on the defendant deputies reports and grand jury testimony, Zephaniah Robinson and Jack Metcalf were charged in Portage County Common Pleas Case numbers 2023CR00938D and 2023CR00938C with the aforementioned charges.

23.     To support Bradley and Paolucci's claim of finding drugs, Deputy Zappone wrote in his report:

**CONFIDENTIAL INVESTIGATIVE REPORT**

On 08/29/2023 I was traveling westbound on Interstate I-76 near Tallmadge Rd when I observed a 2018 Buick Encore bearing Ohio registration (JIH5088) fail to display his license plate properly. The vehicle's registration was fully covered by an after-market license plate boarder. Additionally, the vehicle was missing both side mirrors obstructing the driver's vision on both sides. When I was traveling adjacent to the vehicle, I observed a lot of movement coming from the passenger who was sitting in the front seat. I observed him lean back and reach into the back seat. I also observed the driver reach underneath his seat or what appeared to be reaching in the glove box. I conducted a traffic stop by activating my overhead lights and siren and notified dispatch of the vehicle's registration. Prior to me walking up to the vehicle, Deputy Bradley advised me through dispatch that an Anthony Guy is associated with this vehicle and that Anthony has active Felony Warrants. Knowing this information and observing both occupants reaching around in the vehicle, I decided to conduct this traffic stop as a Felony Stop.

| REPORTING OFFICER | DATE | REVIEWED BY |
|---|---|---|
| 143 Zappone | 08/29/2023 | |

24. On or about September 9, 2023, the Portage County Sheriff's Department posted and boasted about the success of the arrest .

6



25.     Plaintiff Robinson was initially held in the Portage County Jail on a $150,000.00 cash or surety bond until his bond was modified on September 11, 2023 when he was given a $75,000.00 personal recognizance bond.

26.     Plaintiff Metcalf was initially held in the Portage County Jail on a $150,000.00 cash or surety bond until his bond was modified on September 11, 2023 when he was given a $75,000.00 personal recognizance bond.

7

27. On or about October 29, 2024 the BCI lab results were issued and contrary to the Sheriff Department and the Deputies assertions, showed that there were no illegal substances found in the white powder collected from the 2018 Buick encore driven by Plaintiff Robinson.



**Bureau of Criminal Investigation**       **Laboratory Report**
Chemistry

To: Portage County Sheriff's Office
Detective Rich Rogers
8240 Infirmary Rd.
Ravenna, OH 44266

BCI Laboratory Number: 23-38048

Analysis Date: October 12, 2023

Issue Date: October 29, 2023

Agency Case Number: 23-31579-122

Offense: Possession
Subject(s): Jack Metcalf, Zephaniah Robinson
Victim(s): State of Ohio

**Submitted on September 15, 2023 by Det. Rich Rogers:**

1. Clear bag containing unknown substance.

**Findings**

1. Off-white substance - 65.53 g +/- 0.05 g - No controlled substance found. Determined using instrumental analysis.

**Remarks**

All items will be returned to your department.

*Erin Miller*

Erin Miller
Forensic Scientist
234-400-3667
erin.miller3@OhioAGO.gov

Please address inquiries to the office indicated, using the BCI case number.

29. Subsequent to the release of the BCI lab report, the Portage County Prosecutor's Office refused to prosecute and dismissed the cases against Plaintiff Robinson and Plaintiff Metcalf with prejudice.

30. Plaintiff Robinson and Plaintiff Metcalf lost their jobs and were precluded from obtaining other employment due to being falsely arrested by the defendant.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983)

31. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

32. Defendants, Bradley, Paolucci and Zappone's actions were performed under color of law and deprived the Plaintiff Robinson and Plaintiff Metcalf of a federally protected right, in violation of Title 42 U.S.C. §1983.

33. Defendants deprived the Plaintiffs of their right to be free from unreasonable seizures by the use of force in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Defendants have also violated Plaintiffs' Eight Amendment rights.

34. The actions of Defendant Kolb were committed intentionally, maliciously and/or in a gross, wanton, unreasonable, and/or reckless manner.

35. As a direct and proximate result of the misconduct of the Defendants, the Plaintiffs suffered injuries and damages as set forth in the Complaint.

## SECOND CLAIM OF RELIEF
### (Governmental Liability)

36. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

30. Defendant, Sheriff Bruce Zuchowski, as the top law enforcement officer for Portage County and policy maker for the Portage county Sheriff's Department, has failed to adequately train and supervise its deputies, patrolmen and detectives, including the Defendants herein, concerning proper police procedure and constitutional limitations relative to the searches and seizures, and cruel and unusual punishment. These failures proximately caused the constitutional violations set forth in the Complaint.

31. Defendant, Zuchowski, has failed to institute adequate policies and procedures governing the use of drug testing and evidence testing and failed to implement proper procedures for checking the integrity of reports and information for use in f similar situations.

32. Defendant Zuchowski failed to discipline the deputies for submitting false and factually incorrect reports that lead to the arrest of Plaintiff Robinson and Plaintiff Metcalf.

33. The policies and procedures in place exhibit the Portage County Sheriff's Department's deliberate indifference to the constitutional rights of citizens of the State of Ohio, including the Plaintiffs, and proximately caused the constitutional violations set forth in the Complaint.

### THIRD CLAIM FOR RELIEF
**(State Claim - Willful, Wanton, and Reckless Conduct)**

34. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

35. Defendants Bradley, Paolucci and Zappone failed to exercise due care and acted in a willful, wanton, and reckless manner while engaged in police functions and activities that culminated in the injuries of the Plaintiffs.

36. Such reckless, wanton, and willful conduct proximately caused the violation of the Plaintiffs rights under the Constitution.

37. As a direct and proximate result of the misconduct of this Defendant, the Plaintiffs have suffered injuries and damages as set forth in the Complaint.

## FOURTH CLAIM FOR RELIEF
### (False Imprisonment)

43. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

44. Defendants, by seizing, arresting, and holding Plaintiffs unlawfully in restraint of their physical liberty, without probable cause and without conducting a proper preliminary investigation to determine whether a crime had been committed, committed the tort of false imprisonment upon victim.

45. As a direct, proximate, and foreseeable result of Defendants' actions, Plaintiff suffered pain, injury, and financial damages, with future loss of financial opportunities expected.

## FIFTH CLAIM FOR RELIEF
### (State Malicious Prosecution)

46. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

47. Defendants, in instituting and continuing criminal charges and falsely accusing the Plaintiffs of committing crimes without probable cause or lack thereof, solely in an effort to promote the Portage County Sheriff department image of aggressively fighting drug trafficking and crime, as alleged in detail above, constitute malicious prosecution. In procuring the true bill indictment against the Plaintiffs, the Defendants created false police reports and drug tests results so that an indictment would otherwise be wrongfully obtained.

48. The institution of the criminal proceedings was by, or at the instance of the Defendants and the termination of the proceedings were in favor of the Plaintiffs as the charges were Nolled.

49. There was malice in the institution of the proceedings in that the Defendants' sought to misuse the judicial system and utilize the criminal proceedings to bolster the credibility and reputation of the Portage Aggressive Crime Enforcement Unit of the Portage County Sheriff Department.

50. As a direct, proximate, and foreseeable result of Defendants actions, Plaintiff Robinson and Plaintiff Metcalf suffered including but not limited to physical and financial injuries to defend the meritless accusations which were subsequently Nolled in favor of the Plaintiffs.

### SIXTH CLAIM FOR RELIEF
**(Federal Malicious Prosecution 42 U.S.C. §1983)**

51. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

52. Defendants, in instituting and continuing criminal charges and falsely accusing the Plaintiffs of committing crimes without probable cause, lack thereof or reasonable grounds to support the original case, solely in an effort to enhance the credibility and reputation of the Portage County Sheriff's Office and its aggressive crime enforcement unit, as alleged in detail above, constitute malicious prosecution. In procuring the true bill indictment against the Plaintiffs, the Defendants created false police reports and drug tests results so that an indictment would otherwise be wrongfully obtained.

53. The Defendants played in active role in the criminal case including but not limited to: expediting a criminal case to be filed the same business day after the Plaintiffs had been arrested and by the case immediately be presented to the grand jury for indictment

without the benefit of a preliminary hearing to determine if there was probable cause for the arrests of the Plaintiffs.

54. The institution of the criminal proceedings was by, or at the instance of the Defendants and the termination of the proceedings were in favor of the Plaintiffs as the charges were Nolled.

55. There was malice in the institution of the proceedings.

56. As a direct, proximate, and foreseeable result of Defendants actions, victim suffered including but not limited to physical and financial injuries to defend the meritless accusations which were subsequently nolle in favor of the victim.

## SEVENTH CLAIM FOR RELIEF
### (Federal Abuse of Process 42 U.S.C. §1983)

57. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

58. Defendants, while acting under the color of law, by instituting a legal proceeding in proper form and without probable cause, did so in attempt to accomplish an ulterior purpose for which it was not designed and; that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and direct damage has resulted from the wrongful use of process.

59. The Defendants abuse of this process constitutes a deprivation of the Plaintiffs right to due process.

60. As a direct, proximate, and foreseeable result of Defendants actions, Plaintiff suffered direct damage.

## EIGHTH CLAIM FOR RELIEF
### (State Claim for Abuse of Process)

61. All Paragraphs contained in this complaint are incorporated as if fully rewritten herein.

62. Defendants, by instituting a legal proceeding in proper form and without probable cause, did so in attempt to accomplish an ulterior purpose for which it was not designed and; that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and direct damage has resulted from the wrongful use of process.

63. The Defendants abuse of this process constitutes a deprivation of the Plaintiffs' right to due process.

64. As a direct, proximate, and foreseeable result of Defendants actions, Plaintiff suffered direct damage.

## DAMAGES

65. As a direct and proximate result of the acts set forth in all of the Paragraphs above, the Plaintiffs sustained a deprivation of life, liberty, freedom, reputation and financial losses and financial opportunities due to the actions of the defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, for:

(A) Compensatory and consequential damages for all the injuries identified in an amount to be determined by the Court, in excess of the Court's jurisdictional amount;

(B) Punitive damages in an amount to be determined at trial for the willful and malicious conduct of Defendant Bradley; Defendant Paolucci and Defendant Zappone[1];

(C) Equitable relief, including, without limitation, that Defendant, County of Portage be made to adopt an appropriate policy to prevent future instances of the type of misconduct described herein;

(D) Attorneys' fees, interest, the costs of this action and other costs that may be associated with this action or the aforementioned criminal action; and

(E) Any and all other relief that this Court deems equitable, necessary, and just.

**A JURY IS REQUESTED TO HEAR THIS MATTER.**

Respectfully submitted,

**/s/ EMSipplen**

Date: August 28, 2024

Eddie Sipplen (OH S.Ct. # 0076712)
Eddie Sipplen Attorney At Law, LLC
1655 West Market Street, Ste 505
Akron, OH 44313
Ph: 330-374-5600
esipplen@sipplen.com

---

[1] "Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." Smith v. Wade, 461 U.S. 30, 50 –51(1983); Clark v. Taylor, 710 F.2d 4, 14(1st Cir. 1983).